# BIRD | MARELLA

BIRD • MARELLA • BOXER • WOLPERT • NESSIM • DROOKS & LINCENBERG

A PROFESSIONAL CORPORATION

**Thomas R. Freeman**
trf@birdmarella.com

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone (310) 201-2100
Facsimile (310) 201-2110
www.BirdMarella.com

File 4042.2

February 27, 2014

**Electronically Filed**

Molly C. Dwyer, Clerk of the Court
Ninth Circuit Court of Appeals
The James R. Browning Courthouse
95 7ᵀᴴ Street
San Francisco, CA 94103

  Re: Case Name: *Vivid Entertainment, et al v. Jonathan Fielding, et al.*
    Case No.  13-56445
    Argument: March 3, 2014
    Before:  Hon. Alex Kozinski, Chief Judge
         Hon. Susan Graber
         Hon. Jack Zouhary

Dear Ms. Dwyer:

  This letter is submitted pursuant to Fed.R.App.Proc 28(j).

  The California Court of Appeal's January 10, 2014, opinion in *People v. Nguyen*, 222 Cal.App.4th 1168 (2014), instructively applies the "grammatically separable" criterion under California's severability doctrine. The grammatically separable requirement is addressed in the Opening Brief at page 30, the Answering Brief at pages 41-43, and the Reply at pages 10-13.

  Although the court in *Nguyen* held that the municipal ordinance was not *volitionally* separable, the Court concluded it was *grammatically* separable. Under California law, invalid text is grammatically separable if "it is 'distinct' and 'separate' and, hence. 'can be removed as a whole without affecting the wording of any' of the measure's 'other provisions.'" 222 Cal.App.4th at 1192. The court explained that the invalid portion of the ordinance, which required sex offenders to obtain written permission from the city's police chief before entering a city park or recreational facility, satisfied the grammatically separable criterion "because the clause 'without written permission from the Director of Public Safety/Chief of Police or his designee'



Molly C. Dwyer
February 27, 2014
Page 2

can [grammatically] be removed" from the ordinance. *Id.* Doing so would cause it to read as follows:

> Any person who is required to register pursuant to California Penal Code section 290 et seq., where such registration is required by reason of an offense for which the person was convicted and in which a minor was the victim, and who enters upon or into any City park and recreational facility where children regularly gather ~~without written permission from the Director of Public Safety/Chief of Police or his designee~~ is guilty of a misdemeanor.

This confirms that a single word or phrase, even if in the middle of a sentence, can be grammatically separable from the remainder of the sentence. The court's analysis clarifies that the proper question is whether removal of the invalidated language would render the remaining text grammatically deficient, thereby requiring wordsmithing to remedy any such grammatical failing. If not, the "grammatically separable" requirement is satisfied.

Here, because removal of the invalidated words does not render the remaining text grammatically deficient, the requirement of grammatical separability is satisfied.

                                     Very truly yours,

                                     s/Thomas R. Freeman
                                     Thomas R. Freeman

TRF:slp
3084476.1