# BIRD | MARELLA

### BIRD • MARELLA • BOXER • WOLPERT • NESSIM • DROOKS & LINCENBERG

A PROFESSIONAL CORPORATION

**Thomas R. Freeman**
trf@birdmarella.com

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone (310) 201-2100
Facsimile (310) 201-2110
www.BirdMarella.com

File 4042.2

March 3, 2014

**Electronically Filed**

Molly C. Dwyer, Clerk of the Court
Ninth Circuit Court of Appeals
The James R. Browning Courthouse
95 7TH Street
San Francisco, CA 94103

Re:   Case Name:   *Vivid Entertainment, et al v. Jonathan Fielding, et al.*
      Case No.      13-56445
      Argument:     March 3, 2014
      Before:       Hon. Alex Kozinski, Chief Judge
                    Hon. Susan Graber
                    Hon. Jack Zouhary

Dear Ms. Dwyer:

As requested by the panel during oral argument, intervening defendants and appellees submit this letter providing authority that this Court must follow the California Court of Appeal's recent decision in *People v. Nguyen*, 222 Cal.App.4th 1168 (2014), not the Ninth Circuit panel decision in *Acosta v. City of Costa Mesa*, 718 F.3d 800 (9th Cir. 2013), to the extent that the earlier Ninth Circuit decision conflicts with the state intermediate appellate court's subsequent decision (absent "convincing evidence" that the California Supreme Court would disagree with the *Nguyen* decision).

The most recent cases are *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (recognizing that panel is not bound by a prior Ninth Circuit decision in conflict with subsequent California Court of Appeal decision) and *Munson v. Del Taco, Inc.*, 522 F.3d 997, 1002 (9th Cir. 2008) (same). Similarly, the panel in *Wolfson v. Watts (In re Watts)*, 298 F.3d 1077, 1082-83 (9th Cir. 2002), was confronted with a Ninth Circuit panel decision that conflicted with two subsequently-published California Court of Appeal decisions on a matter of California law. The panel in *Watts* held that

BIRD MARELLA
BIRD • MARELLA • BOXER • WOLPERT • NESSIM • DROOKS & LINCENBERG

Molly C. Dwyer
March 3, 2014
Page 2

it was bound by the later decided state appellate decisions, not the prior Ninth Circuit decision:

> We are bound to follow *Smith* and *Teaman* [the California Court of Appeal decisions] absent convincing evidence that the California Supreme Court would reject the interpretation of [Cal. Code of Civ. Proc.] section 704.950(c) by these two courts. *See Owen ex rel. Owen v. United States,* 713 F.2d 1461, 1464–65 (9th Cir.1983). In reexamining our [prior] interpretation of section 704.950(c) in light of *Smith* and *Teaman,* we conclude that, if confronted with the issue, the California Supreme Court would follow the rationale of *Smith* and *Teaman* and not the approach that we adopted in *Jones.* As we explained in *Owen:*
>
>> These recent decisions by the California courts of appeal that have appeared subsequent to our *Commercial Union* decision require us to reconsider the proper interpretation of [Cal. Code of Civ. Proc.] § 877. Our interpretation in *Commercial Union* was only binding in the absence of any subsequent indication from the California courts that our interpretation was incorrect. The recent decisions from the courts of appeal cast a new light on the question. *In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.*
>
> *Id.* (internal quotation marks and citations omitted) (emphasis added) (holding that convincing evidence existed that the California Supreme Court would not follow the state appellate courts' decisions); *Stephan v. Dowdle,* 733 F.2d 642, 642 (9th Cir.1984) (concluding that an earlier panel decision was "no longer binding ... and must be overruled" because the Arizona Court of Appeals had subsequently interpreted the relevant Arizona statute to the contrary); *see also TwoRivers v. Lewis,* 174 F.3d 987, 996 (9th Cir.1999) (applying federal law to decide the issue in the case but explaining that, had the panel applied state law, it would be bound by a state appellate court opinion that conflicted with an earlier panel opinion absent convincing evidence that the state supreme court would



Molly C. Dwyer
March 3, 2014
Page 3

> disagree with the appellate court); *FDIC v. McSweeney,* 976 F.2d 532, 535–36 (9th Cir.1992) (explaining that, in the absence of an intervening California Supreme Court opinion concerning the relevant issue or an appellate court opinion "at odds with" the prior Ninth Circuit opinion, the three-judge panel was "bound by our prior decisions interpreting state as well as federal law"). Accordingly, as in *Stephan,* 733 F.2d at 642, we overrule *Jones* and hold, consistent with the intervening California case law, that a judgment creditor is entitled to surplus equity that accrues in a declared homestead after an abstract of judgment is recorded.

*Watts*, 298 F.3d at 1082-83; *Id.* at 1083-87 (O'Scannlain, concurring) (expressing disagreement with *Owen* but recognizing its holding is binding).

                                              Very truly yours,

                                              s/Thomas R. Freeman
                                              Thomas R. Freeman

TRF:slp
3085031.1