

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3401

**Robert Corn-Revere**
202.973.4225 Direct Telephone
202.973.4425 Direct Fax
202-973.4200 Main Telephone
202.973.4499 Main Fax
bobcornrevere@dwt.com

March 7, 2014

*Via ECF*

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 7th Street,
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Vivid Entm't, LLC, et al. v. Fielding et al.*, No. 13-56445
   Argued March 3, 2014, before Kozinski, CJ; Graber, J; Zouhary (N.D. Ohio), DJ

Dear Ms. Dwyer:

Pursuant to F.R.A.P. 28(j), Appellants respond to the post-argument letter by Putative Intervenors.

*People v. Nguyen*, 222 Cal.App.4th 1168 (2014) did not articulate a new rule of severability different from that applied in *Acosta v. City of Costa Mesa*, 718 F.3d 800 (9th Cir. 2013), based on both California Supreme Court and appellate court decisions. *See id*. at 819. *Nguyen* was not empowered to override this controlling precedent, nor did it purport to do so. The single paragraph in *Nguyen* discussing grammatical severability does not suggest any new test. Moreover, the court in *Nguyen* rejected the demand to save the statute by severing offending portions of the law under the additional requirements of volitional and functional severability.

The cases AHF cites to suggest this Court must abandon *Acosta* in favor of an intervening state appellate decision are inapposite. AHF block-quotes *In re Watts*, 298 F.3d 1077 (9th Cir. 2002), and thereby greatly exceeds the Rule 28(j) word-count limits but to no avail. *Watts* held only that the Ninth Circuit must defer to state appellate courts where its earlier reading of a state statute was made "without the benefit of any California cases to guide our interpretation." *Id*. at 1081. Likewise, *Alvarez v. Chevron Corp*., 656 F.3d 925, 932 (9th Cir. 2011), found only that the duty of a federal court "is to ascertain and apply the existing California law," which is exactly what *Acosta* did. 718 F.3d at 817-20. *Chevron* said only that the Ninth Circuit should look to state appellate decisions where "there is no California Supreme Court decision on point," 656 F.3d at 932 n.7, and *Munson v. Del Taco, Inc*., 522 F.3d 997 (9th Cir. 2008), said the same. *See id*. at 1002. But *Acosta* was fully grounded in California Supreme Court and appellate court decisions.

Anchorage  New York  Seattle
Bellevue   Portland  Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

Molly C. Dwyer
March 4, 2014
Page 2

Even if *Nguyen* departed from prior law or guidance on a point not previously addressed (which it does not), this Court is not automatically bound to follow it. *See*, *e.g.*, *Owen v. United States*, 713 F.2d 1461, 1466 (9th Cir. 1983); *Del Taco*, 730 F.3d at 1001-03.

Respectfully,

*s/ Robert Corn-Revere*

Robert Corn-Revere
Counsel for Appellants Vivid Entertainment, LLC, *et al.*

cc:     Thomas R. Freeman, Esq. (via ECF)

Molly C. Dwyer
March 4, 2014
Page 3

## CERTIFICATE OF WORD COUNT

This letter complies with the type-volume limitation of FRAP 28(j), as the body of the letter contains 348 words.

    /s/ Matthew D. Peterson
Matthew D. Peterson

Molly C. Dwyer
March 4, 2014
Page 4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 7, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    /s/ Matthew D. Peterson
Matthew D. Peterson